UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KING, et. al.,

            Plaintiffs,

    v.

DEUTSCHE BANK AG,

            Defendants.

No. CV04-1029

OPINION AND ORDER

**MOSMAN, J.,**

On September 12, 2005, Magistrate Judge Hubel issued a Findings and Recommendation ("F&R") (#143) granting in part and denying in part Deutsche Bank defendants' Motion to Dismiss. Specifically, Judge Hubel recommended that plaintiffs' RICO claims be dismissed with prejudice, all state law claims as well as penalty damages be dismissed with leave to replead, and Deutsche Bank defendants' motion to dismiss plaintiffs' claim for interest be denied.

Plaintiffs did not make any substantive objections to the F&R. Instead, plaintiffs conceded the dismissal of the federal question RICO claims and requested this court to dismiss the remaining state law claims for lack of supplemental jurisdiction thereby permitting plaintiffs to re-file in state court. The Deutsche Bank defendants' only substantive objection to the F&R is the denial of its motion to dismiss with regard to plaintiffs' claim for interest recovery. The Deutsche Bank defendants responded to the jurisdiction issue, arguing that this court should retain jurisdiction even without the RICO claims either through federal question or supplemental jurisdiction.

This court has conducted a *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), and ADOPTS the F&R. In addition, I find the court has supplemental jurisdiction over the state law claims.

Pursuant to plaintiffs' argument that the court should not retain jurisdiction, this court held a telephonic hearing on January 23, 2006. This court agrees with the numerous recent opinions that there is no federal question jurisdiction in this case. *Acker v. AIG Intern'l, Inc.*, 398 F. Supp. 2d 1239 (S.D. Fla. Nov. 8, 2005) (remand granted); *Sheridan v. New Vista, LLC*, 2005 WL 2090898 (W.D. Mich. Aug. 30, 2005) (remand granted); *Maletis v. Perkins & Co.*, No. CV-05-820-ST (D. Or. Sept. 13, 2005) (remand granted); *Cantwell v. Deutsche Bank Sec., Inc.*, No. 3:05-CV-1378-D (N.D. Tex. Sept. 21, 2005) (remand granted); *Ling v. Deutsche Bank AG*, 2005 WL 3158040 (E.D. Tex. Nov. 28, 2005) (remand granted). However, this court does find there to be supplemental jurisdiction under 28 U.S.C. § 1367.

Supplemental jurisdiction is proper where the relationship between the federal and state claim is such that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The exercise of supplemental jurisdiction is discretionary and the court may decline to exercise supplemental jurisdiction where, as here, the "district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3); *Schneider v. TRW, Inc.,* 938 F.2d 986, 993-94 (9th Cir. 1991). When the federal claim is dismissed early in the case, the federal court will be strongly inclined to dismiss the state law claims without prejudice rather than retaining supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, n.7 (1988). In determining whether the court will find supplemental jurisdiction, the court should consider whether the exercise of jurisdiction advances the values of economy, convenience, fairness, and comity. *Acri v. Varian Associates,*

*Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

This court finds that judicial economy and fairness cut in favor of finding supplemental jurisdiction. This case was filed in July 2004, and there have been extensive motions and rulings, as well as a considerable amount of time and energy invested by the attorneys and two federal judges in making the rulings which have, to some degree, involved the state court claims. Furthermore, fairness dictates that this court provide the same ruling to the Deutsche Bank defendants as was made to the same or similar claims against the Lincoln defendants on May 9, 2005. As such, this court finds supplemental jurisdiction proper and will retain jurisdiction over this case.

This court has conducted a *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), and ADOPTS the F&R (#143) and also finds supplemental jurisdiction.

IT IS SO ORDERED.

DATED this 1st day of February, 2006.

     /s/ Michael W. Mosman
     MICHAEL W. MOSMAN
     United States District Court